UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES A. SMITH,

                              Plaintiff,

            v.
                                                      9:08-CV-1147
JEAN HUGHES, DON LE BRAKE, and,
HARRY, BUFFARDI

                              Defendants.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff, a former inmate in the custody of the Schenectady County Jail brought the

instant action pro se pursuant to 42 U.S.C. § 1983 alleging that: (1) he suffered cruel and

unusual punishment; (2) he was denied due process; and (3) he was the victim of racial

discrimination.  Defendants, Jean Hughes (Hughes), Don Le Brake (LeBrake), and Harry

Buffardi (Buffardi), filed this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and

12(b)(6) alleging that: (1) LeBrake and Buffardi were not served with the Complaint or

summons; and (2) the Complaint fails to state a claim upon which relief may be granted. See

Docket No. 13.  Plaintiff, has failed to respond to Defendants' motion despite repeated

requests to do so and after being advised that "his failure to respond to Defendants' motion

may result in the termination of the case in favor of the Defendants."  See Docket No. 14.

I.     **FACTS**

Plaintiff alleges that on September 16, 2008, Hughes, an officer at the county jail, violated Plaintiff's 8th Amendment rights, inflicting cruel and unusual punishment, in connection with Plaintiff's use of the restroom.  Plaintiff contends that Hughes maintains a policy that does not allow inmates to use the restroom during prison lock-down.  Plaintiff asserts that he has "physical ailments" and is on a medication which increases the frequency of his bathroom needs.  Plaintiff alleges that he entered the restroom ten minutes before lock-down and came out five minutes into lock-down.  Plaintiff was told to pack his things and was moved from medium security housing to maximum security housing for one day.

Plaintiff next alleges that on September 22, 2008 he was taken to a disciplinary hearing for the alleged bathroom violation before Sgt. LeBrake.  Plaintiff alleges that he requested to call witnesses at this hearing but that LeBrake did not allow him to do so.  Plaintiff was found guilty, sentenced to five days lock-down, moved back to maximum security housing, and given a ten dollar surcharge.  Plaintiff filed an inmate disciplinary appeal form appealing LeBrake's disciplinary sanctions.  His appeal was granted on September 30, 2008 and his $10.00 was refunded.  See Docket No. 1.

Finally, Plaintiff alleges that another inmate, Frank Burns, was also brought to maximum security on September 16, 2008 but was never given a disciplinary hearing or sanctioned.  It is not included in the complaint whether Burns, like Plaintiff, also committed a bathroom violation, or whether Burns was later given a disciplinary hearing or further sanctioned.  Plaintiff asserts that the difference in treatment constitutes racial discrimination by LeBrake because Plaintiff is African American and Burns is Caucasian.

In their motion to dismiss, Defendants argue that the Complaint must be dismissed because: (1) Defendants LeBrake and Buffardi were not served within 120 days of Plaintiff's filing of the Complaint; and (2) Plaintiff failed to establish that the Defendants violated his constitutional rights.

## II.        STANDARD OF REVIEW

To survive a motion to dismiss, the plaintiff must provide "the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Camarillo v. Carrols Corp., 518 F.3d 153, 156 (2d Cir. 2008)(citations omitted).  Plaintiff's factual allegations must be sufficient to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Camarillo, 518 F.3d at 156 (citing Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007)).  When ruling on a motion to dismiss, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  Burns v. Trombly, 624 F. Supp.2d 185, 196 (N.D.N.Y. 2008)(citing Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994).

In deciding a motion to dismiss, the Court may review documents integral to the Complaint upon which the plaintiff relied in drafting his pleadings, as well as any documents attached to the Complaint as exhibits and any statements or documents incorporated into the Complaint by reference.  Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000)(citing Cosmas v. Hassett, 886 F.2d 8, 13 (2d Cir. 1989)). The Court must "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999)(citing Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

Under N.D.N.Y.L.R. 7.1(b)(3) "[w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown." N.D.N.Y. L.R. 7.1(b)(3); see Tejada v. Mance, 07-CV-0830, 2008 WL 4384460, *5 (N.D.N.Y., Sept. 22, 2008). Here, because Plaintiff has failed to oppose Defendant's motion to dismiss and has failed to show good cause for his failure to oppose, Plaintiff has "consented" to Defendants' motion to dismiss. "The only remaining issue is whether Defendants have met their burden 'to demonstrate entitlement to the relief requested'" through their submission. Burns, 624 F. Supp. 2d at 197. Stated another way, where a movant has properly filed a motion and the non-movant has failed to respond to that motion, the only remaining issue is whether the legal arguments advanced in the movant's motion is *facially meritorious.* White v. Verizon, 06-CV-0617, 2009 WL 3335897, *3 (N.D.N.Y. 2009); see also Ciaprazi v. Goord, 02-CV0915, 2005 WL 3531464, at *8 (N.D.N.Y. Dec. 22, 2005) (Sharpe, J.; Peebles, M.J.)(characterizing defendants' threshold burden on a motion for summary judgment as "modest")(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986)); accord, Saunders v. Ricks, 03-CV-0598, 2006 WL 3051792, at *9 & n. 60 (N.D.N.Y. Oct. 18, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.); Smith v. Woods, 03-CV-0480, 2006 WL 1133247, at *17 & n. 109 (N.D.N.Y. Apr. 24, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.); see also Race Safe Sys. v. Indy Racing League, 251 F.Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (Munson, J.) (reviewing merely whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3] );

Wilmer v. Torian, 980 F. Supp. 106, 106-07 (N.D.N.Y. 1997) (Hurd, M.J.) (applying prior version of Rule 7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss and the reasons set forth in defendants' motion papers).

## III.   DISCUSSION

### a.   Dismissal pursuant to 12(b)(5)

Defendants first allege that the Complaint must be dismissed as to LeBrake and Buffardi because of insufficiency of process.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that the serve be effected within a specified time.

Pro se plaintiffs are not excused from complying with Rule 4(m).  Rose v. U.S. Postal Service, No. 09-1219, 2009 WL 3294890, at *1 (7th Cir. October 14, 2009) ("But neither a party's pro se status nor his inexperience as a litigant excuse him from complying with the requirements of Rule 4(m).") (citing to McMasters v. United States, 260 F.3d 814, 818 (7th Cir. 2001)); see Kersh v. Derozier, 851 F.2d 1509,1512 (5th Cir. 1988) ("To hold that complete ignorance of Rule 4(j) [predecessor of Rule 4(m)] constitutes good cause for untimely service would allow the good cause exception to swallow the rule."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  A defendant can challenge the sufficiency of process by filing a motion under Federal Rules of Civil Procedure 12(b)(5).

In this case, Plaintiff filed his Complaint on November 4, 2008.  Service of process on Defendants LeBrake and Buffardi was attempted November 20, 2008, however

"acknowledgment of receipt of summons and complaint by mail was not returned [...] within thirty days" and therefore was unexecuted.  See Docket No. 10.  Plaintiff did not attempt service again and did not seek leave to extend the time for service.  Accordingly, Defendants' argument is facially meritorious and Plaintiff's Complaint against Lebrake and Buffardi must be dismissed for insufficiency of process.

> **b.   Dismissal pursuant to 12(b)(6)**

Defendants also move for dismissal pursuant to Fed. R. Civ. P. Rule 12(b)(6), for failure to state a claim upon which relief may be granted.

Here, Defendants have met their burden on their unopposed motion given Defendants' legally supported arguments set forth in their memorandum of law. See Docket No. 13.  Plaintiff has failed to allege facts plausibly suggesting a violation of the Eighth or Fourteenth Amendments or of racial discrimination.

> 1.   **Cruel and Unusual Punishment**

Plaintiff's Complaint first alleges that he was subjected to "cruel and unusual punishment," in violation of the Eighth Amendment, in being denied the right to use the bathroom by Defendant Hughes when he was a "person with physical ailments."  He further claims, that in violation of the Eighth Amendment, he was moved to maximum security housing, both before and after the disciplinary proceedings, because he was in the bathroom during prison lock down.

> a.  **Deliberate Indifference to a Serious Medical Condition**

Plaintiff's allegation that he was denied the right to use the bathroom when he had "physical ailments" is a claim of deliberate indifference to a serious medical condition.  There are two elements to a claim of deliberate indifference to a serious medical condition: (1) the

plaintiff "must show that she [or he] had a 'serious medical condition'" and (2) "that it was met with deliberate indifference."  Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009).

(1) <strong>Serious Condition</strong>

A serious medical condition must be "a condition of urgency, one that may produce death, degeneration, or extreme pain."  Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). cert denied, 115 S. Ct. 1108 (1995).  Factors that have been considered in determining whether a condition is serious include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)); accord Gutierrez, 111 F.3d at 1373 (citing McGuckin and collecting cases from other circuits employing a similar standard). The "factors listed above, while not the only ones that might be considered, are without a doubt highly relevant to the inquiry into whether a given medical condition is a serious one." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998).

Plaintiff's Complaint fails to allege that his medical condition is sufficiently serious. In this case, Plaintiff has alleged only that he has a condition that requires medication causing frequent urination and bowel movements.  Even if the Court were to resolve all the disputed facts in the Plaintiff's favor, the facts do not rise to the level required for the Eighth Amendment to be implicated.  He has not alleged that this condition was serious enough to cause death, degeneration or pain in the event he was denied temporary use of the bathroom.  Although a cognizable claim regarding bathroom needs have been based on ailments such as an enlarged prostate and irritable bowel syndrome, Plaintiff fails to allege

any condition requiring treatment.  See <u>Hazelton v. NH Dept of Corrections</u>, 2009 WL

229664 *2 (D.N.H. Jan. 27, 2009) ("Hazelton has two serious medical conditions, irritable

bowel syndrome and an enlarged prostate").  Therefore, Plaintiff has failed to allege he

suffered from a serious medical condition.

(2) <b>Deliberate Indifference</b>

Plaintiff's Complaint also fails to allege that Hughes was  "deliberately indifferent to

that condition."  Deliberate indifference has been interpreted to mean "that [defendant] 'knew

of and disregard[ed] an excessive risk to [plaintiff's] health or safety' and that [defendant] was

'both aware of facts from which inference could be drawn that a substantial risk of serious

harm existed, and ... also drew that inference.'" Caiozzo, 581 F.3d at 72 (citing Farmer v.

Brennan, 511 US 825, 837 (1994)).  Plaintiff alleges only that upon exiting the bathroom he

was moved to maximum security housing.  He does not allege that he was deprived of his

bathroom privileges.  Finally, there is no allegation the Hughes had any knowledge that

Plaintiff would suffer serious harm as a result of being temporarily deprived of the right to use

the bathroom.  Temporary deprivations ordinarily do not implicate the Eighth Amendment.

<u>Gill v. Riddick</u>, 03-CV-1456, 2005 WL 755745, *16 (N.D.N.Y. March 31, 2005) ("the

temporary deprivation of the right to use the toilet, in the absence of serious physical harm or

serious risk of contamination, does not rise to the level of an Eighth Amendment violation.");

<u>see</u> <u>also</u> <u>Hartsfield v. Vidor</u>, 199 F. 3d 305, 310 (6th Cir. 1999) (recognizing that "deprivations

of fresh water and access to the toilet for a 20-hour period, while harsh, were not cruel and

unusual punishment"); <u>Dellis v. Corrections Corporation of America</u>, 257 F.3d 508, 511 (6th

Cir. 2001) (prisoner who was temporarily denied access to a "working toilet" did not suffer

deprivation of "minimized civilized measure of life's necessities").  Plaintiff's allegations do not rise to the standard required by the 8th Amendment.

### b.  Lock-in as Cruel and Unusual Punishment

Finally, Plaintiff's punishment of being moved to maximum security housing for one day after the incident and four days following the disciplinary proceedings does not rise to the level of cruel and unusual punishment. It is well settled that the placement of an inmate in maximum security confinement does not *per se* constitute cruel and unusual punishment. Courtney v. Bishop, 409 F.2d 1185 (8th Cir. 1969); Jackson v. Bishop, 404 F.2d 572 (8th Cir. 1968).  Therefore, placing Plaintiff in lock-in for five days does not rise to the level of "cruel and unusual punishment."  See McDonald v. Rivera, 06-CV-410, 2008 WL 268345, *8 (N.D.N.Y. 2008) ( "[t]he allegation that plaintiff was placed in keeplock confinement under otherwise normal conditions for thirty days similarly does not establish a claim of cruel and unusual punishment."); Jackson v. Johnson, 15 F. Supp.2d 341, 363 (S.D.N.Y 1998) ("the mere placement in keeplock for 99 days is not sufficiently egregious to constitute cruel and unusual punishment under the Eighth Amendment.").

Defendants are correct that Plaintiff's Complaint has failed to allege facts plausibly suggesting that Plaintiff possessed a serious medical condition, that Defendant Hughes acted with deliberate indifference to Plaintiff's condition, or that his change in security status constituted cruel and unusual punishment.  Defendant's motion to dismiss the claims against LeBrake, Buffardi, and Hughes must be granted.[1]

---

[1]  Additionally, the Court poinst out that Plaintiff's Complaint fails to allege personal involvement in the Eighth Amendment violation  as to LeBrake and Buffard,i as required for an award of damages on a § 1983 claim.

## 2.  Denial of Due Process

Plaintiff's Complaint next alleges that he was denied due process when he failed to receive a fair disciplinary hearing. The Complaint alleges LeBrake deprived him of liberty and property, in sanctioning Plaintiff to five days  lock-in and a $10.00 fine,  without due process of law by refusing to allow him to call witnesses.  To "state a § 1983 claim, a plaintiff must demonstrate that he possessed a protected liberty or property interest, and that he was deprived of that interest without due process."  Hynes v. Squillace, 143 F.3d 653 (2d Cir. 1998); see Green v. Bauvi, 46 F.3d 189, 194 (2d Cir. 1995).

Plaintiff fails to allege a protected liberty interest.  To establish a protected liberty interest, the plaintiff "must establish both that the confinement or restraint creates an 'atypical and significant hardship' under [the standard set forth in] Sandin [v. Conner, 515 U.S. at 472], and that the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint."  Hynes, 143 F.3d at 658 (quoting Frazier v. Coughlin, 81 F.3d 313, 317 (2d Cir. 1996)).  In Sandin, 515 U.S. at 472, the Supreme Court found that the plaintiff was not denied due process when an adjustment committee refused to allow him to present witnesses during a disciplinary hearing which sentenced him to segregation for misconduct. The Supreme Court held that the was no due process violation because "Conner's discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Id. at 486.

It is clear that Plaintiff has no liberty interest in being housed in a facility of his choice. See Meachum v. Fano, 427 U.S. 215 (1976).  New York law does not place any restrictions on changes in security status and vests the Commissioner of the Department of

- 10 -

Corrections with the discretion to make such classifications. See N.Y. Corr. Law § 137.1

("The commissioner shall establish program and classification procedures . . .").

Furthermore, although inmates facing disciplinary charges have the right to call

witnesses to their defense, the Supreme Court has made it clear that it is a qualified right,

subject to restrictions justified by the context of the confinement.  Wolff v. McDonnell, 418

U.S. 539 (1974).  Accordingly, New York has qualified the right of inmates to call witnesses

during prison disciplinary hearings and such discretion includes the refusal of a witness on

the basis of "irrelevance or lack of necessity." Id; see also 7 N.Y.C.R.R. § 254.5.

Defendants argument for dismissal of Plaintiff's Due Process claim is meritorious

given that Plaintiff has failed to allege any liberty interest specifically granted to prisoners by

the State of New York that was infringed or any deprivation "atypical and significant in

relation to ordinary prison life." see Anderson v. Lapolt, 07-CV-1184, 2009 WL 3232418, at

*11 (N.Y.N.D. Oct. 1, 2009) ("Courts in this Circuit have held that a thirty (30) day period of

keeplock, absent additional egregious circumstances, is not "atypical and significant" so as to

create a liberty interest and thereby trigger the protections of the Due Process Clause.");

Rivera v. Goord, 05-CV-1379, 2008 WL 5378372, at *2-3 (N.Y.N.D. Dec. 22, 2008) (holding

that forty days of room restriction "did not constitute a constitutionally cognizable liberty

deprivation"); Uzzell v. Scully, 893 F.Supp. 259, 263 (S.D.N.Y. 1995) (forty-five days of

keeplock is not atypical and significant); Rivera v. Coughlin, 92 Civ. 3404, 1996 WL 22342, at

*5 (S.D.N.Y. Jan. 22, 1996) (eighty-nine days in keeplock does not create a liberty interest).

Furthermore, Plaintiff has failed to allege any facts to show why witness testimony was

necessary.  Therefore, Plaintiff's allegations are insufficient to confer liability for a violation of 42 U.S.C § 1983 and must be dismissed.[2]

### 3.  Discrimination Based on Race

Finally, Plaintiff's Complaint alleges that he was maliciously prosecuted and punished because of his race.  Plaintiff does not claim racial discrimination in the disciplinary proceeding, but merely alleges he was disciplined differently from another inmate.  Defendants argue that Plaintiff's racial discrimination claim is conclusory and unsupported thereby justifying dismissal.

The Second Circuit has "repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." Hunt v. Budd, 895 F. Supp 35, 38 (N.D.N.Y. 1995) (citing Barr v. Adams, 810 F.2d 358, 363 (2d Cir. 1987)(citations omitted); see also Martin v. New York State Dep't of Mental Hygiene, 588 F.2d 371, 372 (2d Cir. 1978)("It is well settled in this circuit that a complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find a violation of the Civil Rights Act, fails to state a claim under Rule 12(b)(6)."). "In order to survive a motion to dismiss, the plaintiff must specifically allege ... circumstances giving rise to a plausible inference of racially discriminatory intent." Rodriquez v. New York University, 2007 WL 117775 (S.D.N.Y 2007) (citing Yusuf v. Vassar College, 35 F.3d 709 (2d Cir. 1994).

---

[2]  Again, the Court points out that Plaintiff's Complaint fails to allege any personal involvement in a due process violation as to Defendants Buffardi and Hughes.

Here, there is no allegation of intentional discrimination and all allegations are conclusory in nature. Plaintiff only alleges he was disciplined and another inmate was not. He then concluded that this action was due to racial discrimination. The Complaint does not contain any factual allegations sufficient to plausibly suggest the Defendants acted with a discriminatory state of mind, that Burns and Plaintiff were similarly situated, or whether Burns was later given a disciplinary hearing or sanctions.  Accordingly, the Complaint fails to plead sufficient facts to state a claim for purposeful and unlawful discrimination by Defendants and the cause of action for racial discrimination must be dismissed.

## IV.      CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, and the Complaint is DISMISSED IN ITS ENTIRETY.

IT IS SO ORDERED.

Dated: October 29, 2009

Thomas J. McAvoy
Senior, U.S. District Judge

- 13 -